1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11

COZUMEL LEASING, LLC, a Delaware
limited liability company,

                      Plaintiff,

        v.

INTERNATIONAL JETS, INC., a
Washington corporation; DAVID KILCUP,
an individual; ALDEN ANDRE, an
individual, AIRCRAFT SOLUTIONS,
LLC,  a Washington limited liability
company,

                      Defendants.

CASE NO. 16-5089 RJB

ORDER ON AIRCRAFT
SOLUTIONS LLC'S MOTION FOR
SUMMARY JUDGMENT AND
PLAINTIFF'S RULE 56 (D)
MOTION

12
13
14
15
16
17
18
19
20
21
22
23
24

        This matter comes before the Court on Defendant Aircraft Solutions, LLC's Motion for

Summary Judgment (Dkt. 62) and Plaintiff's Motion to Deny or Defer Considering Defendant

Aircraft Solutions, LLC's Motion for Summary Judgment and for Discovery Pursuant to Rule 56

(d) (Dkt. 71).  The Court has considered the pleadings filed in support of and in opposition to the

motions and the file herein.

1    This case arises out of Plaintiff's purchase of a 1977 Cessna Citation ISP ("aircraft") that

2    Plaintiff asserts was not airworthy and required thousands of dollars to repair.  Dkt. 1.

3    Defendant Aircraft Solutions now moves for summary dismissal of all claims against it.

4    Dkt. 62.  Plaintiff moves for either a denial of the motion or deferral of the motion until

5    discovery can be completed pursuant to Fed. R. Civ. P. 56 (d).  Dkt. 71.  For the reasons

6    provided, Plaintiff's Rule 56 (d) motion should be granted and the Aircraft Solutions' Motion for

7    Summary Judgment should be stricken, to be re-noted, if appropriate, after necessary discovery

8    is completed.

9    ## I.    RELEVANT FACTS AND PENING MOTION FOR SUMMARY JUDGMENT

10   In its Amended Complaint, Plaintiff asserts, in part, that Defendant Aircraft Solutions, LLC,

11   conducted an inadequate inspection, delivered an un-airworthy aircraft, and failed to pay for

12   additional necessary repairs despite agreeing to the contrary.  Dkt. 48.  Plaintiff asserts claims

13   against Aircraft Solutions for:  (1) unjust enrichment, (2) negligent misrepresentation, (3)

14   violation of the Washington Consumer Protection Act ("CPA"), (4) negligence, and (5)

15   conspiracy.  *Id.*

16   In its motion for summary judgment, Aircraft Solutions asserts that Plaintiff cannot prove it

17   unjustly retained a benefit from Plaintiff because repair related payments were from VonJet, the

18   aircraft's previous owner, and Plaintiff cannot show that it was an intended third party

19   beneficiary.  Dkt. 62.  It argues that the negligent misrepresentation claim should be dismissed

20   because it neither made representations to Plaintiff nor provided information to the Plaintiff in

21   the business transaction between International Jets and Plaintiff.  *Id.*  Aircraft Solutions asserts

22   that Defendant Alden Andre is not its agent, so any representations he made to Plaintiff would

23   not be attributable to it.  *Id.*  Aircraft Solutions asserts that there is no basis for Plaintiff's CPA

24

1   claim, and so, maintains that claim should be dismissed.  *Id.*  Aircraft Solutions also argues that

2   Plaintiff's negligence claim fails because it owed no duty to Plaintiff.  *Id.*  Lastly, it maintains

3   that it did not engage in an activity with an unlawful purpose or accomplish any activity by

4   unlawful means, and so, Plaintiff's civil conspiracy claim should be dismissed.  *Id.*   In support

5   of its motion, Aircraft Solutions cites to the declaration of its General Manager, Charlie Archer,

6   (Dkt. 63), and the Plaintiff's Amended Complaint (Dkt. 48).

7      No depositions have been taken.  Dkt. 71.  The discovery deadline is June 18, 2017 and the

8   dispositive motions deadline is July 14, 2017.  Dkt. 70.  This case is set to begin trial on

9   September 5, 2017.  Dkt. 42.

10        **II.**      <u>**DISCUSSION**</u>

11   **A.  SUMMARY JUDGMENT AND RULE 56 (d) STANDARD**

12      Summary judgment is proper only if the pleadings, the discovery and disclosure materials

13   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

14   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is

15   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

16   showing on an essential element of a claim in the case on which the nonmoving party has the

17   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

18   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

19   for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

20   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

21   metaphysical doubt.").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

22   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

23   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

24

1    *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

2    *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

3         The determination of the existence of a material fact is often a close question.  The court

4    must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

5    e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

6    *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

7    of the nonmoving party only when the facts specifically attested by that party contradict facts

8    specifically attested by the moving party.  The nonmoving party may not merely state that it will

9    discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

10   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

11   Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not

12   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

13        Rule 56 (d) provides that if the non-moving party shows "by affidavit or declaration that,

14   for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1)

15   defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to

16   take discovery; or (3) issue any other appropriate order."  A party requesting relief pursuant to

17   Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and

18   explain why those facts would preclude summary judgment."  *Tatum v. City and County of San*

19   *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

20   **B.  MOTION TO DENY OR DEFER CONSIDERATION OF SUMMARY**
     **    JUDGMENT MOTION**

21        Plaintiff's Rule 56 (d) motion (Dkt. 71) should be granted and the Aircraft Solutions' Motion

22   for Summary Judgment should be stricken, to be re-noted, if appropriate, after necessary

23   discovery is completed.  Although it is a close call, Plaintiff has sufficiently identified "specific

24

1   facts that further discovery will reveal," *Tatum,* at 1100, including the nature of the relationship

2   between Defendant Andre and Aircraft Solutions, and whether others at Aircraft Solutions made

3   representations to Plaintiff, what the Aircraft Solution's inspection entailed, what maintenance

4   and repairs Aircraft Solutions conducted on the aircraft, etc.  It has sufficiently explained "why

5   those facts would preclude summary judgment." *Tatum,* at 1100.  No depositions have been

6   taken in this case, and expert witness reports are not yet due, and other discovery is still being

7   propounded.  The discovery deadline is almost three months away.  Plaintiff's Rule 56 (d)

8   motion should be granted.

9                            **III.    ORDER**

10          Therefore, it is hereby **ORDERED** that:

11          • Plaintiff's Motion to Deny or Defer Considering Defendant Aircraft Solutions,

12          LLC's Motion for Summary Judgment and for Discovery Pursuant to Rule 56 (d)

13          (Dkt. 71) **IS GRANTED,** and

14          • Defendant Aircraft Solutions, LLC's Motion for Summary Judgment (Dkt. 62) **IS**

15          **STRICKEN**, to be re-noted, if appropriate, after necessary discovery is

16          completed.

17          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18   to any party appearing pro se at said party's last known address.

19          Dated this 28th day of March, 2017.

20

21          *Robert J Bryan*

22          ROBERT J. BRYAN
            United States District Judge

23

24