UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COZUMEL LEASING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL JETS INC., a Washington corporation, DAVID KILCUP, an individual, ALDEN ANDRE, an individual, and AIRCRAFT SOLUTIONS LLC, a Washington limited liability company, <br><br> Defendant. | CASE NO. 16-5089 RJB <br><br> ORDER ON MOTION TO AMEND THE AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint. Dkt. 143. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This case arises out of Plaintiff's purchase of a 1977 Cessna Citation ISP ("aircraft") from International Jets, Inc. ("International Jets") that Plaintiff asserts was not airworthy and required thousands of dollars to repair. Dkts. 1 and 48. Plaintiff now moves for leave to file a second amended complaint. Dkt. 143. For the reasons provided below, the motion (Dkt. 143) should be denied.

ORDER ON MOTION TO AMEND THE
AMENDED COMPLAINT- 1

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The background facts are in the April 11, 2018 Order on Motions for Summary Judgment (Dkt. 157, at 2-16), and are adopted here by reference.

This case was originally filed in August 21, 2015. Dkt. 1. After voluntarily dismissing some claims with prejudice (Dkt. 118), Cozumel made claims in its Amended Complaint for: (1) negligent misrepresentation against all Defendants; (2) violation of the Washington Consumer Protection Act ("CPA") against all Defendants, (3) negligence against Aircraft Solutions LLC ("Aircraft Solutions"); (4) breach of contract against International Jet, (5) breach of express and implied warranties against International Jets and Kilcup, (6) breach of fiduciary duty against International Jet and Kilcup, and (7) fraud and fraudulent inducement against International Jet and Kilcup. Dkt. 48. Cozumel seeks damages, costs, and attorney's fees. *Id*.

On October 19, 2017, on the parties' stipulated motion, the Court permitted a lengthy extension of the deadline to file dispositive motions (from November 11, 2017 to March 3, 2018); the trial date and other pre-trial motions' deadlines were also reset. Dkt. 94. This was the parties' second motion for an extension of the case deadlines. Dkt. 90.

The parties timely filed cross motions for summary judgment (Dkts. 101, 107, 110, and 112). On April 11, 2018, Defendant Alden Andre's motion for summary dismissal of all claims asserted against him was granted; and the summary judgment motions of Plaintiff, International Jets, David Kilcup, and Aircraft Solutions were granted, in part, and denied, in part. Dkt. 157. Plaintiff's claims for negligent misrepresentation and negligence against Defendant Aircraft Solutions and claims for breach of contract and breach of express and implied warranties against International Jets and Kilcup remain for trial.

After the above mentioned cross motions for summary judgment were filed, but were not yet ripe for consideration, Plaintiff filed the instant motion for leave to amend his amended complaint. As a basis for its negligent misrepresentation, fraud and fraudulent inducement claims against International Jets and Kilcup, Cozumel seeks to add Kilcup's representation to David Fallang (Cozumel's representative), that Aircraft Solutions was a Sierra Industries, Inc. certified repair shop. Dkt. 143. All Defendants oppose the motion. Dkts. 154 and 156. Plaintiff reply (Dkt. 160) was timely filed after the order on the motions for summary judgment (Dkt. 157) was issued.

Motions in limine and the pretrial order have been filed. Dkts. 140, 142 and 161. The case is set to go to trial in less than a month - on May 14, 2018.

## II. DISCUSSION

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as is the case here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

### A. STANDARD FOR MOTION TO AMEND COMPLAINT

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

### B. MOTION TO AMEND

Plaintiff's motion for leave to amend complaint (Dkt. 143) should be denied. Plaintiff's motion was filed with undue delay and is futile. Plaintiff's motion was filed late in the process –

it is just four weeks before trial is set to start. The motion was filed two months after Alden Andre's January 24, 2018 testimony, upon which the proposed amendment is allegedly based. Further, the motion is futile as to the negligent misrepresentation, fraud, and fraudulent inducement claims for the reasons provided in the order on the motions for summary judgment (Dkt. 157, at 21 and 32). Plaintiff's motion for leave to file a second amended complaint (Dkt. 143) should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Leave to Amend Complaint (Dkt. 143) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of April, 2018.

ROBERT J. BRYAN
United States District Judge